UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STORMTECH PERFORMANCE APPAREL LTD.; and STORMTECH (USA) INC., <br><br> Plaintiffs, <br><br> v. <br><br> NEESE INDUSTRIES, INC., <br><br> Defendant. | NO. <br><br> **COMPLAINT** |

Plaintiffs Stormtech Performance Apparel Ltd. and Stormtech (USA) Inc. (collectively "Stormtech") hereby allege as follows:

### I.   JURISDICTION AND VENUE

1. This is an action for trademark infringement and violation of Washington Unfair Business Practices-Consumer Protection Act.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1338, 15 U.S.C. § 1121, and 28 U.S.C. § 1367(a).

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) and (c)(2).

### II.   PARTIES

4. Plaintiff Stormtech Performance Apparel Ltd. is a Canadian corporation with its mailing address in Ferndale, Washington, and was formerly known as Oceanic

COMPLAINT - 1

Trading Company Limited.

5. Plaintiff Stormtech (USA) Inc. is a Washington corporation in Ferndale, Washington.

6. Defendant Neese Industries, Inc. ("Neese") is a Louisiana corporation with its principal place of business in Gonzales, Louisiana.

## III.   FACTS

7. Plaintiff Stormtech Performance Apparel Ltd. designs, manufactures and sells outdoor apparel and accessories under the STORMTECH trademark, and has been using STORMTECH in connection with clothing since at least 1992.  Plaintiff Stormtech (USA) Inc. is the exclusive licensee of Stormtech Performance Apparel in the United States and sells STORMTECH clothing and accessories in the United States.

8. The STORMTECH mark is registered in the United States Patent and Trademark Office under federal trademark Registration No. 2,344,617.  Stormtech also owns U.S Registration No. 4,132,823 for STORMTECH H2X DRY (and design).  Copies of both registrations are attached as Exhibits A and B and these marks are referred to herein as the "STORMTECH Trademarks."

9. Long after Stormtech's adoption and use of its STORMTECH trademark, defendant commenced the import, manufacture, distribution, offer for sale, and sale of clothing bearing the "Storm-Tech" designation, including "Storm-Tech Jacket," "Storm-Tech Coat" and "Storm-Tech Police Trouser," which are shown in Exhibit C.

10. Defendant's use of "Storm-Tech" on and in connection with its clothing has caused, and is likely to further cause confusion, or to cause mistake, or to deceive as to affiliation, connection, association, origin, sponsorship or approval, between defendant and Stormtech.

11. By associating plaintiffs' registered trademarks with defendant's goods, Neese improperly promotes sales of its goods using the substantial goodwill of Stormtech.

COMPLAINT - 2

12. Defendant's use of "Storm-Tech" is a false designation of the origin of its goods, and deceptive and misleading as to the origin of defendant's goods.

13. Defendant's actions are not now nor have they ever been sanctioned by Stormtech. Defendant is not authorized by Stormtech to import, manufacture, reconstruct, distribute, offer for sale, or sell goods bearing the "Storm-Tech" designation.

## IV. TRADEMARK INFRINGEMENT AND COUNTERFEITING

14. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 13.

15. Defendant's actions tend to and are more than likely to confuse and deceive consumers into believing that its goods are the products of Stormtech when the goods are not in fact genuine STORMTECH goods.

16. Defendant's import, manufacture, distribution, reconstruction, offer for sale and sale of goods bearing infringing and/or counterfeit copies of the STORMTECH Trademarks are likely to cause confusion and mistake in the mind of the purchasing public, and in particular tend to and do falsely created the impression that the defendant's goods are warranted, authorized, sponsored, or approved by Stormtech, when in fact they are not.

17. The activities of defendant as alleged in this Complaint constitute willful and intentional infringement of the STORMTECH Trademarks in violation of the Lanham Act, including but not limited to 15 U.S.C. § 1114 and § 1125.

18. Defendant has derived and will continue to derive and receive from the above alleged acts of infringement, profits and revenues in an amount that is not presently known to plaintiffs. Further, such acts of infringement were made with knowledge of their capacity to deceive and were thus committed intentionally and willfully. By reason of the above acts of infringement, plaintiffs have been and will continue to be damaged in an amount to be determined at trial.

19. The activities of defendant have caused and will continue to cause irreparable harm to Stormtech for which Stormtech has no adequate remedy at law. Accordingly, Stormtech is entitled to preliminary and permanent injunctive relief.

### V. VIOLATION OF WASHINGTON UNFAIR BUSINESS PRACTICES-CONSUMER PROTECTION ACT

20. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 19.

21. Defendant's activities described above constitute an unfair method of competition in business and an unfair trade practice in business which is damaging to the public interest in violation of Washington's Unfair Business Practices-Consumer Protection Act, RCW 19.86 *et. seq.*

22. Defendant has acted with the knowledge that its activities are likely to confuse the public as to the affiliation, connection and association among Stormtech and defendant and/or their respective products.

23. Stormtech has been, and will continue to be, damaged by defendant's unfair competition and unfair trade practices in a manner and amount to be proven at trial and that cannot be fully measured or compensated in economic terms.  Defendant's actions have damaged, and will continue to damage, Stormtech's business, market, reputation, and goodwill, and may discourage current and potential customers from dealing with Stormtech.  Such irreparable harm will continue unless defendant's acts are restrained and/or enjoined during pendency of this action and thereafter.

### REQUEST FOR RELIEF

Plaintiffs request the following relief:

A. That defendant be adjudged to have infringed the STORMTECH Trademarks;

B. For an order enjoining defendant from further activities that would infringe the STORMTECH Trademarks;

C.  For an accounting of defendant's profits and an award of damages by reason of defendant's conduct;

D.  For an award of trebled, exemplary damages against defendant in accordance with the Lanham Act and RCW 19.86.090;

E.  For an award of attorney fees, costs, prejudgment and postjudgment interest; and

F.  That plaintiffs be awarded such other further relief as this Court may deem just, equitable and proper.

DATED this 26th day of September, 2014.

ROHDE & VAN KAMPEN PLLC

_____
Al Van Kampen, WSBA No. 13670
Attorneys for Plaintiffs Stormtech Performance Apparel Ltd. and Stormtech (USA) Inc.

COMPLAINT - 5

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353